## WINGART v. FRY.

Specific performance—fraud and unfairness—disparity in value.

Chancery will not decree a specific performance of a contract, where there are indications of unfairness or fraud, but the parties will be left to their remedy at law.

Disparity of price, where no reason is shown for selling at a sacrifice, is a circumstance which will induce chancery to leave parties to their legal remedies.

IN CHANCERY. The bill seeks the specific performance of a contract for the exchange of a farm, for a house and two lots in Bethlehem. The answer admits the contract, but sets up the *de- [106 fendant's intoxication by the procurement of the plaintiff, great disparity in value, and the inability of the complainant to convey, at the stipulated time, by reason of an outstanding mortgage.

*J. Harris*, for the complainant, cited 1 *O.* 450; 2 *O.* 148; 3 *O.* 280; 9 *Vesey* 246; 10 *Vesey* 474; 1 *Mad.* 263, 4; 408.

*Goodenow*, contra, cited *Sug. V.* 168; 2 *John. Ch.* 23; 6 *J. Ch.* 111, 222; 18 *Ves.* 12; 1 *Pet.* 455; 2 *Sch. & Lef.* 654; 1 *Wh. Sel.* 157; 1 *Vern.* 227–9.

LANE, J. The evidence in this case shows the defendant to have been intoxicated when this contract was executed, and at least induces a strong suspicion that he was brought into that state by the procurement of the complainant. The application to enforce a specific performance of a contract addresses itself to the sound discretion of the court, and if there are any circumstances of unfairness, or indications of fraud, on the part of the complainant, chancery will leave the party to his legal remedy. The inducement in this case to leave the complainant to his remedy at law is strengthened by the great disparity in value of the property exchanged: a difference of one-half against the respondent, with not a tittle of evidence to show any possible inducement he had to make the exchange, except the importunity of the complainant. He does not come into court with clean hands.

The bill is dismissed.